UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-23937-BLOOM/Elfenbein

JENNIFER GRAPPELL,

    Plaintiff,

v.

MIGUEL CARDONA, SECRETARY,
UNITED STATES DEPARTMENT
OF EDUCATION

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Miguel Cardona, Secretary of the United States Department of Education's Motion to Dismiss ("Motion"), ECF No. [23]. Plaintiff Jennifer Grappell filed a Response in Opposition ("Response"), ECF No. [25], to which Defendant filed a Reply, ECF No. [27]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is granted.

**I.    BACKGROUND**

This action arises from Plaintiff's dispute with the United States Department of Education regarding the Department's handling of three administrative complaints she filed with its Office for Civil Rights.

On November 13, 2023, Plaintiff filed a *pro se* complaint in Case No. 23-cv-24336. In that case, Plaintiff asserted claims against Defendant Miguel Cardona, United States Secretary of Education on behalf of her and her son for "'neglect of duty' [pursuant to 42 U.S.C. § 1986], 'obstruction of justice [pursuant to 18 U.S.C. § 1510], and violations of Title IX." Case No. 23-

cv-24336, ECF Nos. [1], [32]. The Complaint alleged that Plaintiff had filed three administrative complaints the United States Department of Education's Office for Civil Rights, Region IV ("OCR"). *See* 23-cv-24336, ECF No. [1]. According to Plaintiff, despite OCR informing her that it would issue a written decision regarding her complaints by September 30, 2022, OCR never issued a determination letter. *Id.* at 8. Accordingly, Plaintiff claimed that the OCR employees were grossly negligent in handling her complaints as they failed to deliver on their promise to provide Plaintiff with a determination by September 30, 2022. *Id.*

Defendant filed a Motion to Dismiss arguing that Plaintiff's claim on behalf of her and her child must be dismissed for lack of subject matter jurisdiction because Defendant was a federal official and Plaintiff's Complaint failed to identify a valid wavier of sovereign immunity that would allow Plaintiff to proceed against Defendant. ECF No. [22].

On May 20, 2024, the Court granted Defendant's Motion to Dismiss pointing to several deficiencies in Plaintiff's Complaint. ECF No. [32]. The Order began by addressing Plaintiff's claims on behalf of her son, explaining that by bringing those claims, "Plaintiff ignore[d] the Eleventh Circuit's guidance that *pro se* litigants cannot bring claims on behalf of their children." *Id.* at 5. Consequently, those claims had to be dismissed. *Id.* The Court then addressed the issues concerning sovereign immunity and the Court's lack of subject matter jurisdiction over the case.

The Court noted "that 'sovereign immunity is jurisdictional in nature[,]'" and therefore, a plaintiff may not proceed forward with a suit against the federal government, its agencies, or its officials without first asserting a claim that properly waives the federal government's immunity. *Id.* at 6 (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 745 (1994)). The Court explained "none of the jurisdictional bases identified in the Complaint waive[d] federal sovereign immunity. *Id.* at 7. The Court pointed out that 42 U.S.C. § 1986 is a civil rights statute that does not waive the federal

2

government's sovereign immunity, and 18 U.S.C § 1510 is a criminal statute that not only fails to waive sovereign immunity, but also does not provide a civil cause of action. *See id.* at 7. Similarly, the Court determined that since Title IX does not create a private cause of action against federal officials, federal agencies, or the federal government itself, but instead, only provides a cause of action against "discriminating entities that receive federal funding," Plaintiff could not rely on Title IX to waive the Secretary's immunity either. ECF No. [32] at 8.[1]

Although Plaintiff did not explicitly assert a FTCA claim in her Complaint, the Court liberally construed Plaintiff's tort allegations as "a negligence claim against Defendant for his neglect of duty under the FTCA." *Id.* at 12. While the Court acknowledged that the FTCA does waive the federal government's "sovereign immunity for money damages 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment,'" the Court concluded Plaintiff could not proceed with an FTCA claim because Plaintiff had not properly exhausted her administrative remedies by first filing an SF-95 administrative claim with the Department of Education before initiating her lawsuit against the Secretary. *Id.* at 12-14. The Court also noted that Plaintiff's FTCA claim was deficient because Plaintiff had brought the action against the Secretary of the United States Department of Education rather than the proper party defendant for an FTCA claim, the United States. *See id.* at 18.

While the Court dismissed the Complaint for lack of jurisdiction, the Court ultimately decided dismissal should be without prejudice and without leave to amend. *See id.* at 19. The Court explained that although it was unlikely Plaintiff would be able to assert a cause of action in tort that provided a waiver of sovereign immunity, if Plaintiff exhausted her administrative remedies

---

[1] The Court also concluded there was no waiver of federal sovereign immunity under the Administrative Procedures Act, 5 U.S.C. §§ 701-706, because Plaintiff had an adequate remedy under Title IX for sex discrimination by an educational institution receiving federal funding. *See* ECF No. [32] at 9.

and sued the proper defendant, it was possible Plaintiff could bring a proper FTCA action against the federal government. *See id.* at 18-19, n. 9.

Following the dismissal of the Complaint in Case No. 23-cv-24336, Plaintiff exhausted her administrative remedies with the Department of Education and proceeded to initiate the instant action against the Secretary. Case No. 24-cv-23937, ECF No. [1]. The Complaint filed herein was completed on Official Form *Pro Se* 1 – Complaint for a Civil Case and attaches a "Statement of Claim." *See* ECF No. [1]. In the Statement of Claim, Plaintiff alleges she has "sent dozens of documents directly to the Defendant regarding the neglect of duty from his employee," and "[t]hrough the Doctrine of Vicarious Liability, the Defendant should be held accountable for his employees' neglect of duty." *Id.* at 6. The alleged neglect at issue involves the three administrative complaints Plaintiff "filed with the Department of Education's Office of Civil Rights." *Id.* According to Plaintiff, "[a]ll three complaints are victims of the Defendants' gross negligence." *Id.* The third complaint, in particular, "was filed on July 26, 2017, [and] still remains under investigation by Department of Education Office for Civil Rights General Attorney Sonia Lee." *Id.* Notwithstanding that Lee promised Plaintiff a written determination regarding Plaintiff's third complaint by September 30, 2022, as of October 1, 2022, Plaintiff had not received a determination letter. *See id.* at 7. According to Plaintiff, by promising to provide a determination letter by September 30, 2022, Lee owed a duty to Plaintiff to fulfill that obligation, and by failing to fulfill that promise, Lee breached her duty. ECF No. [1] at 7. Plaintiff further alleges that the breach is continuing and has caused injury to her and her son, resulting in damages in excess of $100,000.00. *See id.* Plaintiff also contends "Lee's neglect of duty is the epitome of obstruction of justice." *Id.*[2]

---

[2] Plaintiff's remaining allegations seem to simply attempt to establish that she has fully exhausted her administrative remedies and, therefore, her claims are ripe for judicial review. *See* ECF No. [1] at 7-8.

Plaintiff asserts the following claims against Defendant on behalf of her and her minor child: "Liability of the United States" (28 U.S.C. § 2674)[3]; "Neglect of Duty" (42 U.S.C. § 1986); "Obstruction of Justice" (18 U.SC. § 1510); and violations of Title IX of the Education Amendments of 1972. *See id.* at 3.[4]

Defendant now moves to dismiss the instant Complaint on the following grounds: (1) Plaintiff impermissibly asserts claims on behalf of her minor child; (2) the Court lacks subject matter jurisdiction because the Secretary is not a proper party to an FTCA suit and *res judicata* forecloses the possibility of Plaintiff establishing subject matter jurisdiction under 42 U.S.C. § 1986, 18 U.SC. § 1510, and Title IX; (3) Plaintiff's Complaint constitutes an impermissible shotgun pleading; and (4) Plaintiff has failed to assert a claim upon which relief may be granted. *See* ECF No. [23].[5]

Plaintiff responds that she "has not failed to identify a waiver of sovereign immunity," as she has identified four federal statutes that waive Defendant's sovereign immunity. ECF No. [25] at 1-2. Consequently, "subject matter jurisdiction is established." *Id.* Plaintiff further argues that she has properly stated a FTCA claim by alleging a valid Florida negligence cause of action against Defendant. *See id.* at 4-5. Plaintiff contends that, as the employer, Defendant is vicariously liable for his employee's neglect of official duties and obstruction of justice.[6] *See id.* at 2. Plaintiff also

---

[3] By relying on 28 U.S.C. § 2674, Plaintiff appears to be asserting a Federal Tort Claims Act ("FTCA") claim. *See* Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

[4] Plaintiff also makes reference to 28 U.S.C. § 2401(b). However, that statute merely concerns the statute of limitation for commencing an action against the United States.

[5] The Court will ultimately only address Defendant's first argument as it is dispositive as to the Court's authority to preside over this case.

[6] To the extent that Plaintiff's Complaint might inadequately assert a claim, Plaintiff emphasizes the liberal pleading standard for *pro se* parties.

argues that the Court should not take the drastic step of dismissing her Complaint as a shotgun pleading because "dismissing a complaint on shotgun pleading grounds is 'reserved for only the most egregious cases where it is virtually impossible to know which allegations of fact are intended to support which claim for relief.'" *Id.* at 7.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

"Federal courts have limited jurisdiction, wielding 'only that power authorized by Constitution and statute.'" *Damaso v. Costco Wholesale Corp.*, Case No. 2:19-cv-574, 2019 WL 13259733, at *1 (M.D. Fla. Oct. 22, 2019) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The plaintiff bears the burden to establish federal subject-matter jurisdiction." *Goldfeder v. United States*, Case No. 24-cv-80407, 2025 WL 272814, at *2 (S.D. Fla. Jan. 22, 2025) (citing *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005)). A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." *See id.* "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256–57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l*

6

*Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

### B. Sovereign Immunity

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011) (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990)). Absent proof of an express waiver of sovereign immunity, courts lack subject matter jurisdiction over cases against the federal government, including actions against a federal officer acting in their official capacity. *See Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015) ("If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit.") (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475-76 (1994)).

### C. *Pro Se* Litigants

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see also Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) ("[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it.").

Further, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action. *See Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). The Court cannot simply "fill in the blanks" to infer a claim,

7

*Brinson v. Colon*, No. CV411–254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), as "it is not the Court's duty to search through a plaintiff's filings to find or construct a[n adequate] pleading[.]" *Sanders v. United States*, Civ. Case No. 1:08–CV–0190, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 22, 2009); *see Bivens v. Roberts*, No. 208CV026, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ.") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)). In determining whether a *pro se* litigant has stated a claim or established an adequate basis for jurisdiction, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations," while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller*, 541 F.3d at 1100.

### III. DISCUSSION

#### A. Threshold Jurisdictional Issues

##### a. Claims on Behalf of Plaintiff's Minor Child

Defendant first argues that, despite repeated admonitions by the Court, Plaintiff attempts to bring claims on behalf of her minor child, notwithstanding the fact that Plaintiff is proceeding *pro se* in this action. ECF No. [23] at 5-6. Consequently, Plaintiff is ignoring plain "Eleventh Circuit's guidance that *pro se* litigants cannot bring claims on behalf of their children" as well as the law of the case. *Id.* at 6. Accordingly, Defendant asserts that "[a]ny claims and corresponding requests for damages brought on behalf of Plaintiff's minor child must, again, be dismissed." *Id.*

Plaintiff fails to respond to this argument. *See generally* ECF No. [25]. Defendant is correct. As the Court explained to Plaintiff in no uncertain term in its previous Order, "*pro se* litigants cannot bring claims on behalf of their children." Case No. 23-cv-24336, ECF No. [32] at 5; *see also Grappell v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021) (explaining to Plaintiff

that as a *pro se* plaintiff, she could bring claims on behalf of her minor son). Therefore, to the extent Plaintiff is seeking to recover damages based on the injuries of her minor child, those claims are dismissed without prejudice. *See* ECF No. [25].

### b. Claims Against the Secretary of Education

Defendant argues that Plaintiff's remaining claims must be dismissed for lack of jurisdiction because Plaintiff has failed to properly assert any claims that wave the federal government's sovereign immunity. *See* ECF No. [23] at 1. Although Plaintiff appears to assert an FTCA claim that would typically waive the federal government's sovereign immunity, Defendant contends that "Plaintiff cannot sue federal agencies or public officials under the FTCA." *Id.* at 6 (citing 28 U.S.C. § 2679(b)(1)). According to Defendant, "the only proper defendant to an FTCA action is the United States of America." *Id.* (quoting *Meszaros v. United States*, No. 8:05-cv-1214, 2006 WL 1528939, *5 (M.D. Fla. June 2, 2006)). Therefore, since Plaintiff's FTCA claim has been brought against the Secretary of Education, not the United States, Defendant argues the FTCA claim must be dismissed for lack of jurisdiction.

To the extent Plaintiff contends that there is an alternative basis for jurisdiction under Title IX, 18 U.S.C. § 1510 and 42 U.S.C. § 1986,[7] Defendant maintains such arguments are barred by *res judicata* and the law of the case doctrine because the Court has already determined in a previous iteration of this case, that "[n]one of these statutes provide a requisite waiver of federal sovereign immunity and two of them do not provide a private right of action at all." *Id.* at 7 (citing *Grappell v. Cardona*, Case No. 23-cv-24336, 2024 WL 2273366, at *4-5 (S.D. Fla. May 20, 2024). Accordingly, since Plaintiff has not asserted a valid claim that properly waives sovereign immunity, Defendant contends Plaintiff's Complaint must be dismissed.

---

[7] Again, although Plaintiff also references 28 U.S.C. § 2401(b), that statute only concerns the timing of a claim against the United States; it does not provide an independent cause of action.

9

Plaintiff acknowledges that "[t]he Federal Tort Claims Act ("FTCA") is the exclusive avenue for plaintiffs to pursue claims against the United States for torts committed by federal employees within the scope of their office or employment." ECF No. [25] at 4. Nevertheless, Plaintiff fails to address Defendant's argument that FTCA suits may only be brought against the United States, not individual officers or employees. *See generally id.* Moreover, Plaintiff fails to address Defendant's argument that the Court has already rejected her alternative theories for subject matter jurisdiction in a previous Order in Case No. 23-cv-24336. *See* Case No. 23-cv-24336, ECF No. [32] (explaining why 42 U.S.C. § 1986, 18 U.S.C. § 1510, and Title IX do not waive federal sovereign immunity). Because Plaintiff fails to address either of Defendant's arguments, Plaintiff has conceded the contention that the Court lacks jurisdiction over this case. *See Negreanu v. Starbucks Corp.*, 2024 WL 810857, at *2 (M.D. Fla. Feb. 27, 2024) ("Generally, the failure to respond to the merits of a request for dismissal of a Plaintiff's claims would serve as a concession that the request is due to be granted."); *Singh v. Royal Caribbean Cruises Ltd.*, 576 F. Supp. 3d 1166, 1192 (S.D. Fla. 2021) ("Generally, '[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such an argument or claim abandoned.'") (quoting *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014)); *Guzman v. City of Hialeah*, No. 15-23985-CIV-GAYLES, 2016 WL 3763055, at *3 (S.D. Fla. July 14, 2016) ("A plaintiff who, in her responsive brief, fails to address her obligation to object to a point raised by the defendant implicitly concedes that point.").[8]

The Court agrees with Defendant and finds it lacks jurisdiction over Plaintiff's claims as she has failed to establish a valid waiver of sovereign immunity. *See F.D.I.C.*, 510 U.S. at 475 ("[s]overeign immunity is jurisdictional in nature."). Plaintiff appears to have alleged at least one

---

[8] *Cf. Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.").

10

claim under the FTCA. While the FTCA does waive the United States' sovereign immunity, a claim under the FTCA must be brought against the United States, and any claim against a federal agency or employee will be dismissed for lack of jurisdiction. *See Simpson v. Holder*, 184 F. App'x 904, 908 (11th Cir. 2006) ("The United States is the only proper defendant in an FTCA action. Therefore, the district court properly dismissed Simpson's FTCA claims against the individually named defendants.") (internal citations omitted); *Trupei v. United States*, 304 F. App'x 776, 782 (11th Cir. 2008) (citing *Galvin v. Occupational Safety and Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit.")). *Garrett v. Sholl*, Case No: 6:18-cv-1263, 2018 WL 9538226, at *2 n. 2 (M.D. Fla. Aug. 17, 2018) ("The proper defendant in an FTCA suit is the 'United States,' and not the individual employee thereof."). Accordingly, because Plaintiff has only brought an action against the Secretary of Education, not the United States, any FTCA claim must be dismissed for lack of jurisdiction.

Beyond the FTCA, the only other statutes Plaintiff asserts give rise to the Court's subject matter jurisdiction in this case are: 42 U.S.C. § 1986; 18 U.S.C. § 1510; and Title IX of the Education Amendments of 1972. ECF No. [1] at 3. However, as the Court already explained to Plaintiff in its previous Order in Case No. 23-cv-24336, "none of the jurisdictional bases identified in the Complaint waive federal sovereign immunity." Case No. 23-cv-24336, ECF No. [32] (explaining why 42 U.S.C. § 1986, 18 U.S.C. § 1510, and Title IX do not waive federal sovereign immunity). As such, the Court finds that it lacks jurisdiction to hear the claims in this case and must dismiss the Complaint accordingly.

### B. Futility

Now that the Court has dismissed the Complaint, the Court must determine whether

dismissal of Plaintiff's claims should be with or without leave to amend. District courts "have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend should be "freely given" absent a showing of prejudice to defendant, undue delay, or "futility of amendment." *Garfield*, 466 F.3d at 1270 (citing *Foman*, 371 U.S. at 182); *Lacy v. BP P.L.C.*, 723 F. App'x 713, 715 (11th Cir. 2018) ("[L]eave to amend need not be given 'when the amendment would prejudice the defendant, follows undue delays, or is futile.'") (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)). Moreover, courts are not required to provide leave to amend in perpetuity. *See Gurrera v. Palm Beach Cty. Sheriff's Off.*, 657 F. App'x 886, 894 n.5 (11th Cir. 2016); *Cornelius v. Bank of America, NA.*, 585 F. App'x 996, 1000 (11th Cir. 2014); *Hines v. First Citizens Bank*, Civ. Act. No. 1:23-cv-2822, 2024 WL 3833809, at *15 (N.D. Ga. July 26, 2024). Where a *pro se* plaintiff has failed to cure deficiencies in the complaint despite receiving an opportunity to do so, the district court does not abuse its discretion by denying leave to amend. *See Marshall v. Aryan Unlimited Staffing Sol./Faneuil Inc./MacAndrews Holding*, 599 F. App'x 896, 899 (11th Cir. 2015) ("A district court, however, is not required to permit amendment if, inter alia, 'there has been . . . repeated failure to cure deficiencies by amendments previously allowed' or 'amendment would be futile.'"); *Lacy*, 723 F. App'x at 717 ("In short, despite multiple opportunities to do so, Lacy failed to demonstrate that he would be able to resolve the defects in his amended complaint. Hence, the District Court did not err in concluding that granting leave to amend the complaint would have been futile."); *Carvel v. Godley*, 404 F. App'x 359, 360 (11th Cir. 2010) ("[R]epeated failure[s] to cure deficiencies by amendments previously allowed . . . and futility of the amendment can justify dismissal with prejudice.").

Here, the Court finds that amendment would be futile as Plaintiff has failed to demonstrate

Case No. 24-cv-23937-BLOOM/Elfenbein

she is capable of curing the deficiencies in her Complaint. Despite being given an opportunity to correct her Complaint, Plaintiff continues to assert the same deficient allegations. *Compare* Case No. 23-cv-24336, ECF Nos. [1] *with* Case No. 23-cv-24336, ECF Nos. [36]; Case No. 24-cv-23937, ECF No. [1]; and Case No. 24-cv-23937, ECF No. [28]. Moreover, in the Court's Order in Case No. 23-cv-24336, the Court explained in detail the doctrine of sovereign immunity and the requirements of properly alleging a claim against the United States, its agencies, or officers. Case No. 23-cv-24336, ECF No. [32].[9] Nevertheless, following the dismissal of her complaint in 23-cv-24336, Plaintiff proceeded to bring the instant action asserting nearly identical claims with the same defects. Therefore, since the Court has already given Plaintiff an opportunity to cure the deficiencies, the Court finds it futile to grant leave to amend under the circumstances.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss**, ECF No. [23],** is **GRANTED**.

2. Plaintiff's claims brought on behalf of her minor son are **DISMISSED WITHOUT PREJUDICE.**

3. The remaining claims in the Complaint are **DISMISSED WITH PREJUDICE and WITHOUT leave to amend.**

4. The Clerk of Court is directed to **CLOSE** this case.

---

[9] In the Court's previous Order in case no. 23-cv-24336, ECF No. [32], not only did the Court point out the problems with relying on 42 U.S.C. § 1986, 18 U.S.C. § 1510, and Title IX to waive the federal government's sovereign immunity, the Court pointed out that Plaintiff's FTCA claim was defective because she incorrectly sued the Secretary of Education rather than the United States. *See* Case No. 23-cv-24336, ECF No. [32] at 18 n. 9. However, the Court did not dismiss the case with prejudice on that ground because the Court found that the defect was easily curable. *See id.* However, since the Court issued that Order, Plaintiff has filed Complaints continuing to name the Secretary of Education as the named defendant rather than the United States. *See* Case No. 23-cv-24336, ECF No. [36-1] (Plaintiff's Proposed Amended Complaint); Case No. 24-cv-23937, ECF No. [1] (Complaint); Case No. 24-cv-23937, ECF No. [28-1] (Plaintiff's Proposed Amended Complaint).

Case No. 24-cv-23937-BLOOM/Elfenbein

5. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 27, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Jennifer Grappell
10390 SW 130th St.
Miami, FL 33176